IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WADE KENNETH MALLETT,

        Plaintiff,                    No. 2: 10-cv-0851 KJN P

    vs.                                <u>ORDER</u>

SUSAN HUBBARD, et al.,

        Defendants.

_____/

        Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus,

551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>id.</u>, and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendant Walker.  <u>See</u> 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants Dr. Grimm and Hubbard.  The claims against those defendants are hereby dismissed with leave to amend.

Plaintiff alleges that he has been denied adequate pain medication.  The only allegation against defendant Grimm is that he saw plaintiff between August and October 2008.  Plaintiff does not describe the treatment he received from defendant Grimm or allege that defendant Grimm failed to prescribe adequate pain medication.  Standing alone, the allegation that defendant Grimm saw plaintiff on a few occasions does not state a colorable claim for relief.  Accordingly, the claims against defendant Grimm are dismissed with leave to amend.

The complaint contains no allegations against defendant Hubbard.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendant Hubbard to the alleged deprivations, the claims against this defendant are dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendant Walker and pursue his claims against only that defendant or he may delay serving any defendant and attempt to state a cognizable claim against defendants Hubbard and Grimm.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Walker, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Hubbard and Grimm without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each

named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in allegedly depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

////

////

       An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

       By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

       A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claim against defendant Walker.

       Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendants Hubbard and Grimm are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendant Walker. See 28 U.S.C. § 1915A. With this order the Clerk of the Court

shall provide to plaintiff a blank summons, a copy of the pleading filed April 12, 2010, one USM-285 form and instructions for service of process on defendant Walker.  Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and one copy of the April 12, 2010 complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant Walker will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Hubbard and Grimm without prejudice.

      3. Failure to comply with this order will result in a recommendation that this action be dismissed.

      4. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 11) is granted;

      5. Plaintiff's motion for an extension of time to submit his trust statement (Dkt. No. 12) is denied as unnecessary.

DATED:  July 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mall851.ord

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WADE KENNETH MALLETT,

        Plaintiff,           No. 2: 10-CV-0851 KJN P

    vs.

SUSAN HUBBARD, et al.,

        Defendants.        NOTICE OF SUBMISSION OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ completed summons form

        _____ completed forms USM-285

        _____ copies of the _____
                            Amended Complaint

        _____ Plaintiff consents to the dismissal of defendants [names] without prejudice.

    OR

        _____ Plaintiff opts to file an amended complaint and delay service of process.

Dated:

                                _____
                                Plaintiff