IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WADE KENNETH MALLETT,

    Plaintiff,                    No. 2: 10-cv-0851 KJN P

    vs.

SUSAN HUBBARD, et al.,        ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2011, defendant Walker filed a motion for summary judgment. On August 12, 2010, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.

        On August 10, 2011, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In the same order, plaintiff was

1

1  informed that failure to file an opposition would result in a recommendation that this action
2  be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The thirty day
3  period has now expired and plaintiff has not responded to the court's order.

4         "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
5  an action for failure to comply with any order of the court."  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,
6  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
7  court order the district court must weigh five factors including:  '(1) the public's interest in
8  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
9  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
10  and (5) the availability of less drastic alternatives.'"  <u>Ferdik</u>, 963 F.2d at 1260-61 (quoting
11  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986)); <u>see</u> <u>also</u> <u>Ghazali v. Moran</u>, 46
12  F.3d 52, 53 (9th Cir. 1995).

13         In determining to recommend that this action be dismissed, the court has
14  considered the five factors set forth in <u>Ferdik</u>.  Here, as in <u>Ferdik</u>, the first two factors strongly
15  support dismissal of this action.  The action has been pending for one and one-half years and has
16  reached the stage, set by the court's December 22, 2010 scheduling order, for resolution of
17  dispositive motions and, if necessary, preparation for pretrial conference and jury trial.  (<u>See</u>
18  Scheduling Order, filed December 22, 2010.)  Plaintiff's failure to comply with the Local Rules
19  and the court's August 10, 2011 order suggests that he has abandoned this action and that further
20  time spent by the court thereon will consume scarce judicial resources in addressing litigation
21  which plaintiff demonstrates no intention to pursue.

22         Under the circumstances of this case, the third factor, prejudice to defendants
23  from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose
24  the motion prevents defendants from addressing plaintiff's substantive opposition, and would
25  delay resolution of this action, thereby causing defendants to incur additional time and expense.
26         The fifth factor also favors dismissal.  The court has advised plaintiff of the

1  requirements under the Local Rules and granted ample additional time to oppose the pending
2  motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

3          The fourth factor, public policy favoring disposition of cases on their merits,
4  weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra,
5  the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of
6  this case, those factors outweigh the general public policy favoring disposition of cases on their
7  merits.  See Ferdik, 963 F.2d at 1263.

8          Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign
9  a district judge to this action;

10          IT IS HEREBY RECOMMENDED that this action be dismissed without
11  prejudice pursuant to Federal Rule of Civil Procedure 41(b).

12          These findings and recommendations are submitted to the United States District
13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
14  one days after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
17  objections shall be filed and served within fourteen days after service of the objections.  The
18  parties are advised that failure to file objections within the specified time may waive the right to
19  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20  DATED:  September 20, 2011

                                          _____
                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

mal851.nop